UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23478-BLOOM/Otazo-Reyes

EVGENY RYZHOV,

    Plaintiff,

v.

ALEJANDRO MAYORKAS,
*Acting Secretary of the United States Department of Homeland Security*,

    Defendant.
_____/

## ORDER ON MOTION TO SEAL

**THIS CAUSE** is before the Court upon Plaintiff Evgeny Ryzhov's ("Plaintiff" or "Rhyzov") Motion to Seal, ECF No. [3] ("Motion"), filed in conjunction with his Complaint, ECF No. [1]. For the reasons that follow, the Motion is denied.

"[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Where a court "attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest and is narrowly tailored to that interest." *Newman v. Graddick*, 696 F.2d 796, 802-03 (11th Cir.1983); *see also Brown*, 960 F.2d at 1015-16 (11th Cir.1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir.1992).

Case No. 21-cv-23478-BLOOM/Otazo-Reyes

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016)).

Under the Local Rules, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4 (2020). Within this framework, a party seeking to file documents under seal in a civil case must provide the factual and legal basis for the sealed filing be provided as follows:

> A party or pro se party seeking to seal a case in its entirety must file a motion to seal . . . [which] must set forth the factual and legal basis for departing from the policy that Court filings be public . . ."

S.D. Fla. Local Rule 5.4(b)(3).

Here, Plaintiff asserts that he is an asylee who, along with his family, is "still persecuted by the Russian corrupt high-level officials and their accomplices who had sent to Plaintiff death threats. Thereby, Plaintiff seeks to avoid unintentional and unauthorized disclosure of any classified, protected, personal or national security information or documents obtained through the

action from any source, including Defendant." ECF No. [3] at 1. Plaintiff also asserts that the FBI is still investigating his "legal complaint," and that this case "may touch some issues of National Security that probably should not be in free access in order to avoid abuse in the future." *Id*. In this case, Plaintiff seeks a writ of mandamus directing Defendant to issue a decision on his family members' pending I-730 application. *See* ECF No. [1]. While the Court can appreciate Plaintiff's privacy concerns, the Motion does not, however, set forth a sufficient factual or legal basis for maintaining this entire case under seal. Plaintiff's conclusory and general assertions regarding "Russian corrupt high-level officials and their accomplices," non-particularized assertions that his family's immigration petitions "may touch on some issues of National Security," and FBI investigation into an unspecified "legal complaint," do not otherwise satisfy the high burden a proponent of a motion to seal must overcome.

Accordingly, Plaintiff's Motion, **ECF No. [3]**, is **DENIED**. The Clerk of Court is directed to **UNSEAL** this case return all filings to the public docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Evgeny Ryzhov, *pro se*
8655 SW 152nd Avenue, Suite 148
Miami, Florida 33193
Email: E.Ryzhov@yahoo.com