UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-23478-BLOOM/Otazo-Reyes**

EVGENY RYZHOV,

    Plaintiff,

v.

ALEJANDRO MAYORKAS,
*Acting Secretary of the United States
Department of Homeland Security*,

    Defendant.
_____/

## ORDER ON MOTION TO SEAL THE ENTIRE ACTION

**THIS CAUSE** is before the Court upon Plaintiff Evgeny Ryzhov's ("Plaintiff" or "Ryhzov") renewed Motion to Seal the Entire Action, ECF No. [8] ("Motion"), filed on October 5, 2021. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Plaintiff commenced this case under seal on September 28, 2021, requesting a writ of mandamus to the United States Department of Homeland Security ("DHS"), directing DHS to adjudicate his relatives' pending I-730 Refugee/Asylee Relative petitions. *See* ECF No. [1] ("Complaint"). In the Complaint, Plaintiff alleges that he was granted asylum on May 9, 2019, and that shortly thereafter, he filed I-730 applications on behalf of his wife and three children. *Id*. ¶ 1, 7. Plaintiff asserts that those petitions have not yet been adjudicated. *Id.* ¶ 12.

In conjunction with the Complaint, Plaintiff filed his first Motion to Seal, ECF No. [3], requesting that this case remain permanently under seal because Plaintiff is "still persecuted by the Russian corrupt high-level officials and their accomplices who had sent to Plaintiff death threats."

ECF No. [3] at 1. As such, Plaintiff asserts that this entire case should be sealed to prevent the "unintentional and unauthorized disclosure of any classified, protected, personal or national security information or documents obtained through the action from any source, including Defendant." *Id*. The Court denied Plaintiff's first request because he had failed to set forth a sufficient factual or legal basis for maintaining the entire case under seal. *See* ECF No. [6].

In the instant Motion, Plaintiff provides additional facts in support of his renewed request, asserting that the inadvertent disclosure of "any classified, protected, personal or national security information or documents obtained through the action may endanger the lives of Plaintiff and his relatives as well as innocent people." ECF No. [8] at 1. In addition, Plaintiff attaches several documents, which he contends demonstrate that he has been the subject of persecution by Russian corrupt high-level officials since 2014. The Court has carefully reviewed the materials submitted by Plaintiff and concludes that Plaintiff again fails to demonstrate that the entire case should be sealed.

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real*

*Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016)). The presumption favoring public access to trial documents may be overcome if a party establishes that his rights are undermined by publicity. *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9, (1986). To rebut the presumption in favor of public access, the requesting party must establish that sealing the records "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

Here, notwithstanding the documents provided by Plaintiff, he has provided no basis for sealing the entire case based on the general assertion that this case may involve the inadvertent disclosure of protected, personal or national security information or documents. Notably, Plaintiff's concern appears to arise primarily from the disclosure of his family's personal information.[1] However, the Court is not persuaded that such concern warrants sealing this entire case.

In pertinent part, Plaintiff asserts that his "petition includes his family's residential address in the US, the immigration statuses of the family members, and their concerns and future intentions, and it also reveals facts about their property and current financial situation," which Plaintiff argues facilitates the Russian authority's ability to target him and his family. ECF No. [8] at 4. Plaintiff also cites an Advisory Opinion of the United Nations High Commissioner for Refugees highlighting the importance of maintaining confidentiality and personal data on individual asylum claims. *See id.* at 5. However, a review of court records undermines Plaintiff's

---

[1] Plaintiff also suggests that this case implicates national security because an entity in Russia that produces chemical weapons has been engaged in his persecution. ECF No. [8] at 4. Plaintiff states further that his partner was poisoned, and he therefore cannot assume that the "Russian authority has abandoned its efforts to eliminate Plaintiff." *Id.* From these statements, Plaintiff extrapolates that it is "improbable that the officers would care about the US citizens; moreover, when Russian propaganda every single day tells them that all problems in the world are generated by the US." *Id.* at 5. While these statements evince Plaintiff's interest in his own security, they do not otherwise show that this case would involve issues of national security.

concern – specifically, Plaintiff previously filed an action in this district against the State of Florida and various state agencies on behalf of himself and his minor children, disclosing similar personal information, and for which Plaintiff did not seek a sealing order. *See* Case No. 20-cv-23145-KMW.[2] Plaintiff also prosecuted an appeal of his previous case in the Eleventh Circuit, *see* Case No. 20-14312, which was not sealed. Furthermore, to the extent that Plaintiff's Complaint discloses "concerns and future intentions," and "reveals facts about their property and current financial situation," the Court notes that such information would appear to be superfluous with respect to the specific relief Plaintiff seeks in this case. As such, Plaintiff fails to demonstrate satisfy the high burden a proponent of a motion to seal must overcome.

Accordingly, Plaintiff's Motion, **ECF No. [8]**, is **DENIED**. This Order shall not be filed under seal.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 6, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Evgeny Ryzhov, *pro se*
8655 SW 152nd Avenue, Suite 148
Miami, Florida 33193
Email: E.Ryzhov@yahoo.com

---

[2] *See Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court).